MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Carol Ann McBratnie pro se (pseudonym Beth G.)

*(Write the full name of each plaintiff who is filing this complaint.  If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**v.**
Robert Wilkie, Secretary,
Department of Veterans Affairs, Agency.

*(Write the full name of each defendant who is being sued.  If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No.

_____
*(to be filled in by the Clerk's Office)*

Jury Trial: ☐ Yes  ☑ No
*(check one)*

## Complaint for Employment Discrimination

MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Carol Ann McBratnie |
| Street Address | 1130 Larkmoor Blvd. |
| City and County | Berkley, Oakland |
| State and Zip Code | MI 48072-1906 |
| Telephone Number | 248-546-5945 |
| E-mail Address | cammsnnp@gmail.com |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Robert Wilkie |
| Job or Title (if known) | Secretary, Department of VA, Agency |
| Street Address | 810 Vermont Avenue NW. |
| City and County | Washington, DC |
| State and Zip Code | 20420 |
| Telephone Number | 202-461-4800 |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

Defendant No. 3

Name                    _____

Job or Title            _____
(if known)

Street Address          _____

City and County         _____

State and Zip Code      _____

Telephone Number        _____

E-mail Address          _____
(if known)

Defendant No. 4

Name                    _____

Job or Title            _____
(if known)

Street Address          _____

City and County         _____

State and Zip Code      _____

Telephone Number        _____

E-mail Address          _____
(if known)

**C.**    **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is:

Name                    VA North Texas

Street Address          4500 S Lancaster Rd

City and County         Dallas, Dallas

State and Zip Code      TX 75216

Telephone Number        (214) 742-8387

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑    Other federal law *(specify the federal law)*:
Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq.

☐    Relevant state law *(specify, if known)*:

☐    Relevant city or county law *(specify, if known)*:

MIED ProSe 7 (Rev 5/16) Complaint for Employment Discrimination

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☑ Failure to hire me.
- ☐ Termination of my employment.
- ☐ Failure to promote me.
- ☑ Failure to accommodate my disability.
- ☑ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☐ Other acts *(specify)*:

   ** see attached Appendix XIV excerpt from prior MSJ has time frame dates and discriminatory conduct

   *(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
   ** contained in a separate document titled Appendix XIV _____

C. I believe that defendant(s) *(check one)*:
- ☑ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☐ age. My year of birth is _____. *(Give your year of birth only if you are asserting a claim of age discrimination.)*
- ☑ disability or perceived disability *(specify disability)*
   ** MS damages/Breast Cancer Survivor ROI 139-172, + _____

MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

E.      The facts of my case are as follows.  Attach additional pages if needed.

** see attached pages
ROI pages 20-23 filed , and received pages 369-372 contain the OFCCP form, The
EEOC attempt to forward to VA, mismailed it to the wrong VA address, and then
remailed it to the correct VA address. The EEOC did not consider joint employer
and assigned liability to the VA exclusively. Subsequent OFO ruling implied VA and
CRA were joint employers.

*(Note:  As additional support for the facts of your claim, you may attach to this
complaint a copy of your charge filed with the Equal Employment Opportunity
Commission, or the charge filed with the relevant state or city human rights division.)*

IV.    **Exhaustion of Federal Administrative Remedies**

A.     It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

3/31/2014 ROI: pages 369-372

B.     The Equal Employment Opportunity Commission *(check one)*:

☐     has not issued a Notice of Right to Sue letter.

☑     issued a Notice of Right to Sue letter, which I received on *(date)*

August 4, 2020 by email .
*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.     Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐     60 days or more have elapsed.

☐     less than 60 days have elapsed.

V.     **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. Attach additional pages if needed.

awaiting instatement or front pay until early retirement, present age 61, discrimination occurred in 2014, joint employers involved and the VA is the only one where suit was filed. The EEOC failed to consider joint employers and directed filing only against the VA, therefore joint and several liability exists, but only one defendant is listed due to statute of limitations expiring by the time OFO indicated joint employers, precluding adding the other defendants. Plaintiff was denied the long-term career position with one of the other joint employers by the VAs actions.

Management Directive 110 establishes make whole relief;
Plaintiff is also seeking punitive damages as Defendant by their own internal publications admit they were priorly told to stop seeking disability status and 'pre-offer' physicals of nursing candidates prior to a job offer, yet the VA North Texas in their policy and procedures manuals spell out that such is required during the application phase they call credentialing, and such is required before any personal, academic or work references are checked. A spread sheet exists, lack of math skills makes interest inaccurate and low but identifies lesser compensing work positions, and lost benefits, periods of unemployment requiring compensation for, plus alternate work expenses reimbursement

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _November 2_____, 20 _20___.

Signature of Plaintiff      /s/Carol Ann McBratnie_____

Printed Name of Plaintiff    Carol Ann McBratnie_____

MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

**Additional Information:**

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: **Oakland**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Carol Ann McBratnie

**DEFENDANTS**
Robert Wilkie, Secretary, Department of Veterans Affairs, Agency.

**(b)** County of Residence of First Listed Plaintiff   **Oakland**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Washington DC**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| | | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA, 42 U.S.C. § 12101 et seq.; pre-employment medical exams and inquiries: ADA, 42 U.S.C. § 12112(d) and 29 § CFR 1630.13
Brief description of cause:
ADA discrimination and retaliation in the Employment application phase

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ **$1,000,000+**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE   EEOC AJ Niehoff / OFO appeal x 2
DOCKET NUMBER **2003-0549-2014103146**

DATE
November 2, 2020

SIGNATURE OF ATTORNEY OF RECORD
/s/Carol Ann McBratnie pro se

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

## PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?                    ☐ Yes
                                                                                                        ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.          Other than stated above, are there any pending or previously          ☒ Yes
            discontinued or dismissed companion cases in this or any other         ☐ No
            court, including state court? (Companion cases are matters in which
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

If yes, give the following information:

Court: EEOC / OFO rulings attached

Case No.: 2003-0549-2014103146

Judge: Andrea Niehoff AJ EEOC commission


Notes : I may not understand above court info requested, cases are on notice of right to sue letter

**Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.**

**EEOC ADA Discrimination: Application Phase (status, interference, retaliation)**

-------------------------------------------------------------------------------------------------
This case questions if an exclusionary qualification standard in the VA employment application process exists and which class of persons would be adversely affected. The criteria implemented by the VA in the employment application process are defined in their policy and procedure manuals, in conjunction with the application packet of materials as sent and their related instructions.

VA Policy and Procedures manuals were required but were **not included in the Report of Investigation**. Applicants are credentialed under one or the other procedure manuals below based on current status as per the second document (search term "1100" review both references). The missing two documents are:

- ***VHA Handbook 1100.19, sections on Credentialing and Privileging*** (Exhibit 9 1100_19_HK_2012-10-15.pdf) URL: https://www.va.gov/vhapublications/ViewPublication.asp?pub_ID=2910  This was referenced as the procedures that Sandra Nickerson of the VA followed in credentialing the candidates ROI page 115, testimony page 23, lines 1-4.
- ***Credentialing Of Health Care Professionals*** a.k.a.: ***VHA DIRECTIVE 2012-030*** of October 11, 2012 (Exhibit 40 VHA Directive OCT 2012) URL: https://www.va.gov/vhapublications/ViewPublication.asp?pub_ID=2815

Plaintiff's returned application documents were provided under EEOC court discovery, and were required to be in the Report of Investigation but were excluded. Sandra Nickerson of the VA's testimony asserts none were returned and then later admits how the returned documents were used for employer references, personal references and academic references to obtain information. Therefore Plaintiff's application documents returned existed at one time and should have been part of the Report of Investigation.

The comparative data of the other 3 candidates for this position, actual submitted applications were required but were also excluded from the Report of Investigation.

The hired candidate's submitted application was required as comparative data but also not provided in the Report of Investigation. The initial returned Scope of Practice is desired, as well as the Scope of Practice with all the signatures on it after hiring for refuting mixed motive implications.

Of note, had the applications as returned by all the candidates been provided by the VA in their Report of Investigation, how the VA redacts privacy required information by "whiting out" such information, instead of "blacking out" such information, makes it difficult to determine what was removed versus what was not supplied.

VA internal emails in the ROI, assert that one of the other joint employers had made the Plaintiff an offer and the Declaration of Health discussed below was requested post offer. The other 3 joint employers and the VA themselves as recorded in their own policies and procedures manuals identified as missing above from the ROI, specifically state that no party should make an applicant a job offer until Credentialing is completed. The other 3 joint employers are Federal Contractors. According to NARA and VA contracts, all four of the joint employers in this case are required to maintain these records (proof of job offer and applicant data). The EEOC court asserted the other joint employers records would require a subpoena to obtain which was outside of that court's authority. This data will be required for this case. Email records regarding HR activities are mandatory records for all 4 joint employers, and should be available to establish the authenticity of Plaintiff's emails.

All interactions between the VA Credentialer Sandra Nickerson and Plaintiff needed to be in the Report of Investigation. Sandra Nickerson asserted she only had the one email contact with the Plaintiff. Plaintiff priorly tendered phone records identifying phone contact. The VA backup and data retention policies indicate that these records were recorded and backed up. These records were required to be in the Report of Investigation and the phone conversations are necessary in resolving mixed motive assertions.

This case cannot be adequately defended without all of the above missing documents.

-----------------------------------------------------------------------------------------------------

At issue is the seeking of disability status of a job applicant, during the application process, by a manipulation of the English language that obscures the intention of a document titled "**Declaration of Health**" [ROI: page 10]. The alleged purpose of this document was actually "**Declaration of non-Disabled Status**". Providing a misdirecting title to the form should not circumvent reviewing the intentions of the form as provided in conjunction with the instructions provided which details how this information is used. Failure to sign forms is used as a basis to disqualify an applicant and remove them from the application pool of candidates ROI:page 7. This court is asked to ascertain what

class of applicants, absent signatures would represent. Specifically, the court needs to ascertain what classification of candidates might not be able to sign the Declaration of Health, and then what those consequences to their application would be. **This may define a class-action issue.**

Dissection of the English language in accordance with the instructions provided for the completion of the application package, imply that all who do not sign the "Declaration of Health" will have their application returned as incomplete on the basis that the form is missing a required signature, versus what the meaning of the missing signature represents. The court needs to determine what mandating a signature or its absence implies and the effect on the applicant and their application, as well as what information particularly absence of signature provides. Absence of some information is still usable information.

Plaintiff asserts that this form was a cleverly designed form to acquire and use prohibited information in the application process so as to exclude a class of individuals from being considered for open positions.  At issue is the legal creativity in the design of a form that seeks an affirmative or negative answer to disability status by the absence or presence of the applicant's signature and whether this violates 42 U.S.C. § 12112(d) and 29 § CFR 1630.13(a).

The court is first asked to interpret whether the form with the provided instructions violates the applicable ADA prohibition of seeking disability status before an offer is made. The court is asked to interpret the meaning of the form were it returned with the application devoid of any signatures, and whether in accord with the instructions provided would cause the application to not be considered for open employment positions. The court needs to ascertain the order of information provided as the Declaration of Health form is returned with other documents that grant permission to query all references and represents the first data collected on an applicant.

In contrast to the standard of asking if one can perform the essentials of a job, with or without accommodation, where disability status remains hidden, the court is asked if the Declaration of Health form makes disability status apparent (forced disclosure). The nature of the form and its instructions combined, would by its nature exclude a class of workers by absence of applicant signature. The court will need to determine who this class represents or who would not be able or would choose not to sign this form as the forms existence implies some persons would not be able to sign it.

The court is being asked to interpret the English language and its meaning, and implications of this form and the instructions. If everyone could sign this form it would have no purpose, so the court needs to interpret the purpose this form served.

The court is then being asked to **interpret whether the request for physician confirmation signature** on the Declaration of Health, which was spelled out in the missing policy and procedures manuals above as being required pre-offer, and in conjunction with the testimony of Sandra Nickerson ROI pages 109-115, **ascertain if the physician confirmation was a requirement for a non-specific non-job related physical exam**. The audio transcript may need to be reviewed to clarify the "--" that likely replaced certain words in the transcribed testimony of Sandra Nickerson of the VA. Requesting a pre-offer physical also violates 42 U.S.C. § 12112(d) and 29 § CFR 1630.13(a).

Thereafter, the court will need to review the complexities of this instant case with 4 joint employers, an incomplete ROI file missing both the Plaintiff's application documents and comparative data, the significance of the absence of the applicable VA manuals, failed translation of Sandra Nickerson VA Credentialers testimony and the conflicts contained within it, which may require a review of the audio testimony.

From this one employment application multiple distinct violations of disability inquiries are alleged to have occurred. The significance of a compounding factor in this case, another form titled **Scope of Practice** that was not returned with the application packet, will need to be considered (mixed motive analysis). This will require the comparative data of the other applicants submitted Scope of Practice forms, plus the Scope of Practice form of the actual hired applicant (final version that they practiced under), to ascertain if the other and hired applicants met a lesser standard than was dictated in the application instructions regarding this form than that which the Plaintiff was held to. This evaluation is necessary to ascertain if this form was used as a pretextual basis or excuse for rejecting Plaintiff's application.

This case was lost on summary judgment in the EEOC Commissions court with an assertion that Plaintiff failed to prove another candidate was held to a lesser standard. Had actual comparative data and policy and procedures manuals been provided, the Magistrate might have come to a different conclusion. The Magistrate identified that data requested by subpoenaes could not be accommodated in her court. Logical discourse that no person's application could meet the written standard of ROI: page 7 regarding the **Scope of Practice** did not suffice. Therefore the actual comparative data needs to be supplied for review to establish such.

---------------------------------------------------------------------------------------------------

**State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.** An excerpt from Plaintiff's EEOC court case MSJ (Appendix XIV) listing the dates of discrimination is attached. Legal argument may be present but is not intended other than as explanation of the discriminatory animus, and the intention to reduce the amount of retyping needed.

---------------------------------------------------------------------------------------------------

**If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.**

- A class action claim outside of Plaintiff's case should exist as to whether the Declaration of Health violated 42 U.S.C. § 12112(d) and 29 § CFR 1630.13(a). Plaintiff is not capable of bringing that forth.
- Plaintiff's case post pretextual basis for rejecting Plaintiff's application is itself a direct discrimination case in hiring. Disparate impact and Disparate Treatment.
- Intentions to interfere with all applicant's ADA protections exist by the coercion in signing the Declaration of Health in order to be considered a viable applicant irregardless of disability status per the ROI page 7 instructions.
- Protected Activity: Opposition to Discrimination or Retaliation claim. The VA via Sandra Nickerson first agreeing that the two forms not returned were not required in the Credentialing phase, then revoking the application based upon the failed return of these same forms, which was actually retaliation for speaking up that the Declaration of Health form violated 42 U.S.C. § 12112(d) and 29 § CFR 1630.13(a). Emails from the Plaintiff to three of the joint employers protesting the requested Declaration of Health exist. The VA themselves were notified that the Declaration of Health was prohibited by law prior to a job offer, by phone conversation to Sandra Nickerson, of the VA who agreed such was not required until after a job offer was made. Sandra admits she proceeded to process the application which conflicts with her testimony that she cannot process an application without all of the required forms. The audio file of our phone conversations by necessity is required to show willfulness and planned participation in these endeavors of discrimination, first agreeing that the missing forms were not required prior to a conditional job offer, then having another VA worker through another worker of one of the joint employers, terminate the application. Sandra Nickerson's verbal agreement on the timing of asking for the information in the form indicates an awareness that it was an inappropriate request of a  candidate.

-------------------------------------------------------------------------------------

**State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.**

-------------------------------------------------------------------------------------

There were 4 joint employers involved, one of which was to have been the long-term employer the Plaintiff would have worked for as a locums. The VA and CR Associates were the two parties actively discriminating. The other two joint employers were federal contract agencies, who did not speak up when confronted with statements implicating discrimination was occurring. Plaintiff was denied and abandoned by all 4 joint employers, costing her the long-term intended locums position. The VAs requirement caused the loss of the other employment long term position anticipated.

The standard is set as to what compensation is required to make one whole for government agencies (lost wages, lost benefits, reimbursement of alternate employment expenses ... compensation for physical pain and mental pain, costs associated with alternate replacement work positions). The EEOC on initial filing of this complaint did not consider the possibility of joint employers and forwarded the complaint to the VA only. By the time "Joint Employers" was articulated by the OFO, the statute of limitations had run on pursuing the other joint employers in this case.

Possible punitive damages are sought as the VA was ordered priorly by the court to stop seeking disability status and physical exams of nurses prior to a job offer ten years prior to Plaintiff's application (long term persistence of discrimination). Considering the key documents to prove this claim were excluded from the ROI, Plaintiff would request this court consider punitive damages, for long standing discrimination against the disabled by the VA, who instead of correcting such, chose to find a way to continue such, and in this case the willful denial of the documents necessary to support Plaintiff's case, and assist in covering up Defendant's discrimination.

The VA cost this applicant not only her job working for themselves, but her job working long-term for one of the other joint employers, creating many future gaps in employment and lost compensation which is sought. Plaintiff's career as a nurse practitioner due to all the employment gaps created with the first largest one caused by the VA in these instant matters, contributed to the demise of Plaintiff's career relegating her to

everyone's second choice of candidate. Presently, although Plaintiff is legally licensed as a nurse practitioner, her last work opportunity in this role was two years ago, and without current doctor level work references attesting to her competency, no one will hire such.

The VA has refused any opportunities to discuss instatement. These issues originated in 2014. Due to Plaintiff's age presently 61, in lieu of instatement, front pay to acceptable early retirement might be best suited by the time this case is resolved. Priorly the combined allowed financial losses had accumulated to $500,000+ in rough estimate which was through September/October 2018. Most of this is represented by wage and benefit loss, of alternate employment compensation arrangements and periods of unemployment which are higher in the disabled. The travel expenses for the Bridgeport, Texas VA position were part of the compensation package for this position. The travel expenses for two of Plaintiff's replacement positions were born by the Plaintiff on her tax returns and reimbursement is sought. If the court finds in Plaintiff's favor, there will need to be an additional hearing on factors affecting lost wage and benefit compensation after 2018 due to an additional confounding factor called the IRS. Plaintiff is not an accountant, but had priorly tried to layout the figures in a spreadsheet that is attached with attempts to update through December 2020.

**Exhibits**

If this case is accepted by the court, Plaintiff would desire to digitally upload the exhibits as .pdf files as the amount of paper generated is extensive, and no new exhibits will be presented that were not present in the EEOC court and their numbering contained presently would remain the same numbering used in US District Court. The Defendant has all the Exhibits.

**Additional Data Sought**

Phone conversations referenced between Plaintiff and the VA employee Sandra Nickerson, where it was discussed which two documents were held back and the basis of such, where Sandra Nickerson agreed verbally those documents were not required at the Credentialing step, misleading Plaintiff in her assumption of agreement for the missing documents to be provided upon a firm job offer impacts this case. Sandra Nickerson's testimony asserts no contact other than the one email occurred. Plaintiff's phone records prove otherwise. The Defendant was to have recorded these phone conversations in accordance with VAs written data backup policies in conjunction with NARA requirements and their own written policies. The court will need to determine if these records can be sequestered for transcription and use in this case as it raises the issue that suspected disabled candidates are misdirected verbally to not return certain forms, and then removed from the candidate pool when certain forms are identified as missing from the application. The VA stated that incomplete applications would not be processed but returned to the applicant in their instructions ROI page 7, yet Sandra Nickerson of the VA stated in her testimony "she began to work it" and then goes on to identify what work she performed (ROI page 111, testimony page 7 line 11. The phone conversations appear practiced to misdirect certain candidates (setup) to later exclude their applications, while hiding that it was the Defendant that misdirected the applicant. These transcribed phone interactions would prove that the way this form was created along with its instructions were pre-planned to eliminate disabled candidates. This information would establish a basis for punitive damages.

## Appendix XIV: Dates of Discrimination / Pattern or Practice

The date when actual discrimination occurred is debatable, since there appears to be 'ongoing' discrimination beginning from the submission of the "*Credentialing Packet*" to Complainant, through revocation of her application. Additionally, similar ongoing discrimination preceded this present application, going back to the prior application in Minnesota where it seems Complainant's *credentials* may have been used to meet a 'quota' for considering disabled candidates, suggesting a **pattern or practice** of behavior.

In this present issue, there was retaliation by withdrawal of candidacy (ROI:page 187 "***pulling her application***", ROI:page 345 "***cease your credentialing***") based on an alleged incomplete application, when it was really Complainant's refusal to comply with the ***Declaration of Health / Physician Confirmation*** because such violated the ADA, for which Complainant spoke up in this regard and was thus labeled "*rude*" by Lynn Stockebrand (CRA).

It remains to decide what the **initial date of discrimination** was along with the back period:

- the date of **Summer 2004** per the OEDCA Digest where it was made known to all VA facilities that pre-offer health inquiries and physical exams of nurses were inappropriate, yet this identical practice was still occurring at the VA North Texas in 2014, **ten years later** (*Exhibit 10 OEDCA Digest Summer 2004*)
- the date the VA North Texas created / such a document for "*Credentialing*" purposes, listed as *"Revised"* **August 29, 2013** (ROI:page 181); Sandra Nickerson stated their pre-offer health inquiry and exam were required ("*has to sign*") (ROI:page 112, Test. 13:15-16 and ROI:page 113 Test. 15:11-21).

- the date Spencer Ellis (CompHealth) submitted Complainant's information to Minnesota VA facilities circa **November, 2013.** Spencer Ellis was aware that the VA made pre-offer health inquiries and exams *Exhibit 31: SE Concern Pre-employment Medical Inquiry* and knew Complainant was disabled *Exhibit 32 SE Disability acknowledgement*. Complainant believes her application was to help the joint employers meet their '<u>quota</u>' for considering disabled candidates, but still choosing not to hire one. Being this present issue regards what is likely the second episode of a **pattern or practice** of discrimination in hiring at the VA **<u>Complainant believes this should be the retroactive date</u>**.

- the date Spencer Ellis (CompHealth) first contacted Complainant regarding the Bridgeport, Texas CBOC position **February 19, 2014**, *Exhibit 59: SE pre-discussion Bridgeport Texas*. Spencer Ellis was aware that the VA made pre-offer health inquiries and exams *Exhibit 31: SE Concern Pre-employment Medical Inquiry* and knew Complainant was disabled *Exhibit 32 SE Disability acknowledgement*.

- the date Colleen Martinez (CRA) first contacted Complainant regarding the Bridgeport Texas CBOC position (**February 20, 2014**, *Exhibit 33: CM Locums work in Texas*). CR Associates through Lynn Stockebrand admits knowledge that the VA makes pre-conditional-employment-offer Health inquiries and requires physical exams (Lynn Stockebrand ROI:page 133 Test. 5:20-23)

  > *A: They fill out a form that they are their own doctor, so it would be **by choice** for each provider **(Declaration of Health)**. A doctor fills out a form that they are capable to work **(physician confirmation)**.*

  Lynn Stockebrand indicates filling out this form is **"*by choice*"**. Sandra Nickerson's (VA) testimony denies signing is '*by choice*': " *... a declaration of health that (an applicant) **has to sign**"* (ROI:page 112, Test. 13:15-16).

- the date of tendering the request for *Declaration of Health / Physician Confirmation* by Sandra Nickerson's email (**February 28, 2014**) in her "*Credentialing Packet*".

- **Threatened Retaliation:** as submitted with the instructions for the "*Credentialing Packet*", asserting that failure to sign an attestation: *"asserting no medical conditions (disabilities)"*, would result in incomplete status of application and the ceasing of credentialing (**February 28, 2014**)

- **Interference with ADA rights / Actual Act of Retaliation:** culminating in Lynn Stockebrand (CRA) withdrawal of the Complainant as a candidate (**March 26, 2014**)

- **Actual Act of Retaliation**: labelling Complainant as "*rude*" damaging a healthcare providers professional reputation (libel) for speaking up on the discriminatory request (**March 26, 2014**)

- **Actual Act of Retaliation**: the VA in the VetPro file of Complainant labeling this applicant "*Do not Appoint", "declined"* locking Complainant out of future VA positional openings (**March 26, 2014**).

## VA Actual Financial Losses in 7 years

period covering 2/28/2014 date of discrimination through 10/31/2020

average VA salary for this Texas position was $111,000 per 2017 sans benefits [range $75,701-$148,936]

Average step increase $3500

| Description | Detail | | Amount | Interest/Loss | Note |
|---|---|---|---|---|---|
| Discrimination by submission of request for non-specific physical | | | | | |
| lost value of wages only | low est. at gross salary $55 per hour 2200 / week or $114400 / yr | rate | $114,400.00 | | |
| lost value of wages and benefits at 35% | yearly loss at 35% with benefits | | $154,440.00 | | |
| unsure how to add in benefits | | | $ 2,970.00 | | |
| DOL states at the Masters level benefits equal 35% of wages | | | $ 770.00 | | |
| https://www.dol.gov/ofccp/regs/compliance/directives/dir310.pdf | | | | | |
| interest varies between | | | | | |
| interest 3% thru 4/1/2016; 4% thru 4/1/2018; 5% thereafter | | 3% $ 3.00 | | | |
| | | 4% $ 4.00 | | | |
| | | 5% $ 5.00 | | | |
| Interest contained in the spread sheet is calculated at the end of an event, and is missing monthly compounded interest from the months contained inside an event, all interest is below actual interest due | | | | | |
| unemployed 11/18/2013-5/4/2014 | 168 days | | 168.00 | $ 71,084.71 | plus lost benefits |
| interest ballpark from 5/4/2014 thru 12/31/2020 | | | | $ 22,009.00 | |
| **Intercare Community Health Network** (First/only available job) | | | | | |
| employed 5/5/2014-5/23/2015 384 days | disequal benefits unaccounted for | | | | |
| deduct hiring bonus Intercare | low compensation $80,000 | | $ 80,000.00 | $ 36,190.68 | wage loss for 384 days |
| | | | | (5,000.00) | |
| interest ballpark from 8/3/2016 thru 12/31/2020 | income lost due to alternate job position | | | $ 31,190.68 | |
| interest ballpark from 5/23/2015 thru 12/31/2020 | | | | $ 8,386.00 | |
| unemployed 5/24/2015-7/26/2015 | 64 days 1 month to obtain ohio license TC 6/29/2015 | | 64.00 | $ 2,970.00 | $ 27,079.89 |
| interest ballpark from 7/26/2015 thru 12/31/2020 | | | | $ 7,102.00 | |
| **Advance Health** | | | | | |
| employed 8/3/2015 - 8/3/2016 | wage differential | | $ 110,000.00 | $ 119,941.67 | $ 9,941.67 |
| interest ballpark from 8/3/2016 thru 12/31/2020 | | | | $ 2,186.00 | |
| 1099 income 1 week July 2015 last week July 2015 worked 2 days + $400 education/training | | | 1,500.00 | $ 3,037.31 | $ 1,537.31 |
| employed 8/3/2016 - 5/23/2017 | wage differential $1/hour increase at 1 year | | $ 112,080.00 | $ 122,858.33 | $ 8,981.94 |
| interest ballpark from 5/23/2017 thru 12/31/2020 | | | | $ 1,664.00 | |
| Out of Pocket expenses per tax returns: business travel total | | | $ 94,631.60 | | |
| tax return 2015 duplicate housing and travel (includes Intercare & Advance Health) | | | | $ 27,430.60 | out of pocket expenses 2015 |
| interest ballpark from 12/31/2015 thru 12/31/2020 | | | | $ 5,747.00 | |
| tax return 2016 duplicate housing and travel (Advance Health) | | | | $ 33,463.00 | out of pocket expenses 2016 |
| interest ballpark from 12/31/2016 thru 12/31/2020 | | | | $ 6,697.00 | |
| tax return 2017 duplicate housing and travel (Advance Health) | | | | $ 17,600.00 | out of pocket expenses 2017 |
| interest ballpark from 12/31/2017 thru 12/31/2020 | | | | $ 2,664.00 | |

| Description | Notes | | | | |
|---|---|---|---|---|---|
| unemployed 5/24/2017 - 6/22/2017 | 30 days hrly 6/1/17 | $ 30.00 | | | |
| interest ballpark from 06/22/2017 thru 12/31/2020 | | | | $ 13,556.71 | $ 2,407.00 |
| **Construction Medicamp via Rhino Medical-unbenefitted** | | | | | |
| employed 6/23/2017 - 10/14/2017 36 vs 40 hours for 17 weeks | 1099 income | $ 31,350.00 | $ 53,922.69 | $ 22,572.69 | |
| interest ballpark from 10/14/2017 thru 12/31/2020 | | | | | $ 3,679.00 |
| unemployed 10/15/2017-3/14/2018 | 17+30+31+28+14=151 days | $ 151.00 | | $ 69,683.40 | |
| interest ballpark from 3/14/2018 thru 12/31/2020 | | | | | $ 10,026.00 |
| Flint/Bay City 7 weeks 3/15/2018 thru 5/2/2018 | $90,000 / year NO benefits; salary received w2 $12802 | 7.00 | $ 12,802.00 | $ 9,872.62 | |
| interest ballpark from 5/3/2018 thru 12/31/2020 | | | | $ 1,349.00 | |
| **unemployed 5/4/2018-12/31/2020 from Profession** | | | | | |
| interest ballpark from 5/3/2018 thru 12/31/2020 | 241 days in 2018 | | | $ 111,216.55 | |
| unemployed 5/4/2018-12/31/2020 from Profession | | | | $ 15,175.00 | |
| interest ballpark from 1/1/2020 thru 12/31/2020 | 365 in 2019, less net income amazon | | | $ 159,640.00 | |
| unemployed 5/4/2018-12/31/2020 from Profession | | | | $ 15,862.00 | |
| I dont know how to calculate interest monthly compounded **so interest is all low** | 365 in 2020, less net income amazon about the same | $ 12,300.00 | | $ 163,140.00 | |
| | total lost compensation and benefits 2014-2020 7 years | | | $ 915,709.46 | |
| penalty no health insurance 2015 | | | | $ 258.03 | |
| penalty no health insurance 2017 | | | | | |
| penalty no health insurance 2018 none paid | | | | | |
| total | | | | $ 915,967.49 | |
| Attorney Consult paid prior to OFO appeal | | $ 1,000.00 | | $ 916,967.49 | |
| **Total Financial Loss 7 years with Interest Undercalculated** | | | | **$916,967.49** | |

* all of the above is subject to federal and state taxes unsure of the interest

* unsure how to account for lost social security contributions

Under Federal Government Contracts          Office of Federal Contract
                                            Compliance Programs



**Instructions**: Before completing this form, please read all instructions, including the Privacy Act statement below. Use this form to file a complaint of discrimination in employment under any of the OFCCP programs. While your response is voluntary, OFCCP relies on this information as a source for identifying potential violations of equal employment opportunity requirements in the federal contractor community.  Note: Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.

OMB No: 1250-0002
Expires:  03/31/2014

**Privacy Act Notice:** The authority for collecting this information is Executive Order 11246, as amended; Sec. 503 of the Rehabilitation Act of 1973, as amended; the Vietnam Era Veterans' Readjustment Assistance Act of 1974 as amended, 38 U.S.C. 4212; Title VII of the Civil Rights Act of 1964, as amended; and/or Title I of the Americans with Disabilities Act of 1990, as amended (ADA).  This information is used to process complaint and conduct investigations of alleged violations of the above Order or Acts.  We will provide a copy of this complaint to the employer against whom it is filed and, when matters alleged are covered by Title VII and/or the ADA, to the U.S. Equal Employment Opportunity Commission (EEOC). The information collected may be verified with others who may have knowledge relevant to the complaint.  It may be used in settlement negotiations with the employer or in the course of presenting evidence at a hearing, or may be disclosed to other agencies with jurisdiction over the complaint.  Providing this information is voluntary; however, failure to provide the information will restrict the action that the Department of Labor can take on your behalf and, for matters covered by Title VII or the ADA, may affect your right to sue under those laws.

**Non-Retaliation**: OFCCP regulations and Title VII and/or the ADA where applicable, require an employer to take all necessary steps to assure that there is no retaliation against any person who files a complaint or assists in its investigation.  This includes any intimidation, threat, coercion or discrimination.  Please notify OFCCP immediately if any alleged attempt at retaliation is made.

**Prompt Filing**: All complaints must be filed within a specified number of days following the latest occurrence of the alleged discrimination: Executive Order 11246 – 180 days; Rehabilitation and Veterans Acts – 300 days.  Exceptions must be approved by the Director.

| Name and address: ◯ Mr. ⦿ Ms. ◯ Mrs. ◯ Miss | Name and address of company you allege discriminated against you: |
|---|---|
| Name  Carol Ann McBratnie | Name  Vetrans Administration-North Texas Health Care System |
| Line #1 1130 Larkmoor Blvd     City  Berkley | Line #1  4500 South Lancaster Road     City  Dallas |
| Line #2                  State MI     Zip  48072 | Line #2                  State TX     Zip  75216 |
| Telephone No.  248-546-5945 | Telephone No.  214-857-0503 |
| Mail this form to the Department of Labor, OFCCP Regional Office:    Michigan          (Midwest Region) | Give the date(s) of the latest occurrence(s) of the alleged discriminatory act(s):   3/26/2014 |

**Step 1**: Check the box next to the program you are filing under (i.e., Executive Order 11246, as amended; Section 503 of the Rehabilitation Act of 1973, as amended, or the Vietnam Era Veterans' Readjustment Assistance Act of 1974, as amended, 38 U.S.C. 4212; or retaliation)

**Step 2**: Under the program, check what you believe to be the basis for the discrimination against you, such as race, sex, or national origin.  If you think that there was more than one basis, more than one basis may be checked.  You may also check more than one race/ethnic category.

☐ **Executive Order 11246**, as amended.  This Order covers persons alleging discrimination because of race, color, religion, sex, or national origin.  If this is checked, your complaint will be dual filed as a charge under Title VII of the Civil Rights Act of 1964.  I believe I was (or continue to be) discriminated against because of my:

Bases:

| | | |
|---|---|---|
| ☐ Race | ☐ Hispanic or Latino | ☐ American Indian or Alaskan Native |
| ☐ Color | ☐ Not Hispanic or Latino | ☐ Asian |
| ☐ Religion | | ☐ Black or African American |
| ☐ Sex  ☐ Female  ☐ Male | | ☐ Native Hawaiian or Other Pacific Islander |
| ☐ National Origin | | ☐ White |
| ☐ Other | | |

☑ **Section 503 of the Rehabilitation Act of 1973**, as amended.  This Act covers individuals with a disability, persons with a history of physical or mental disability, and persons regarded as disabled by the employer.  If this is checked, your complaint will be dual-filed as a charge under the Americans with Disabilities Act.

Basis: ☑ Disability     Please check if you are a veteran: ◯ Yes ⦿ No

☐ **Vietnam Era Veterans' Readjustment Assistance Act of 1974**, as amended, 38 U.S.C. 4212.  This Act covers special disabled veterans, veterans of the Vietnam Era, recently separated veterans, disabled veterans, Armed Forces service medal veterans, and other protected veterans.

☑ **Retaliation**: It is unlawful to harass intimidate, threaten, coerce, or discriminate against any individual because he or she has filed a complaint participated in a discrimination proceeding or otherwise opposed discrimination under any of the federal programs above.

**IF YOUR COMPLAINT IS BASED ON VETERAN STATUS, CHECK ONE OR MORE OF THE FOLLOWING APPLICABLE BOX(ES):**

☐ I was discharged or released from active duty on (enter date of discharge or release) []

☐ I am a veteran who, while serving on active duty in the Armed Forces, participated in a United States military operation for which an Armed Forces service medal was awarded pursuant to Executive Order 12985 (61 CFR 1209).

☐ I served on active duty during a war or in a campaign or expedition for which a campaign badge has been authorized.

☐ I served on active duty for a period of more than 180 days, and was discharged or released with other than a dishonorable discharge, and the active duty occurred in the Republic of Vietnam between February 28, 1961, and May 7, 1975; or between August 5, 1964, and May 7, 1975 all other cases.

☐ I was discharged or released from active duty for a service connected disability.  If you check this box, submit medical information resulting in discharge or release with this form.  (This information is available from your Master Military Record at the National Personnel Record Center, 9700 Page Boulevard, St. Louis, MO 63132.)

I am a veteran who is entitled to compensation (or who but for the receipt of military retired pay would be entitled to compensation) under laws administered by the Secretary of Veterans Affairs.  Check one of the following:

☐ Disability rating of 30% or more

☐ Disability rating at 10% or 20% and have been officially determined to have a serious employment disability

☐ Disability rating, but neither a or b

**Step 3**: Check those actions which you believe the employer took or failed to take because of your race, color, religion, sex, national origin, disability or veteran status (more than one may be checked):

**Issue(s)**:

| | | | |
|---|---|---|---|
| ☑ Hiring | ☐ Promotion | ☐ Job Assignment | ☐ Sabbath Day Observance |
| ☐ Termination | ☐ Demotion | ☐ Training and Apprenticeship | ☐ Intimidation |
| ☐ Layoff | ☐ Seniority | ☐ Segregated Facilities | ☐ Other [] |
| ☐ Recall | ☑ Harassment | ☐ Pregnancy Leave | |
| ☐ Wages | ☐ Job Benefits | ☑ Accommodation to Disability | |

**FOR EACH ISSUE, EXPLAIN IN YOUR STATEMENT BELOW HOW YOU WERE DISCRIMINATED AGAINST.**

1.  Do you know any other employees or applicants of your group who were treated in the same way (checked above) you allege you were?

☐ Yes  ☑ No   If yes, include their names in your statement below and explain how they were treated.

2.  Do you know any other employees or applicants who are not of your group who were treated in the same way (checked above) you allege you were?

☐ Yes  ☑ No   If yes, include their names in your statement below and explain how they were treated.

**THE COMPLAINT.**

Describe in detail the alleged discriminatory/retaliatory act (s).
Please include:

- Why you believe the act(s) was because of your disability, veteran status, race, color, religion, sex, or national origin, and why you believe the act(s) was retaliation;
- Dates, places, names and titles of persons involved and witnesses, if any;
- What harm, if any, was caused to you or others with whom you work as a result of the alleged discriminatory act(s);
- What explanation, if any, was offered for the act(s) by the employer; and
- Any information you may have on federal contracts held by the employer.

If this is a complaint based on disability, describe the disability, your history of disability, or why you think the employer regarded you as disabled.

Disabled candidate with severe cervical spine arthritis/damage to spinal ligaments, that precludes lifting (unstable cervical spine), or extensive typing, that is otherwise qualified to perform the job with accommodations for lifting, and using dragon speak.  Additional disability includes left hip osteoarthritis, and sacroiliac joint displacement, which also precludes heavy lifting/leveraging. History of disability was incurred working as a nurse, injured on the job, for which a pending workers comp case remains open in the state of Michigan. Nature of disability: lifting and other movements can set off muscle spasms to stabilize unstable cervical spine, leading to compression of carotid and subclavian arteries and veins leading to cerebral edema and the effect of a tourniquet to the right arm.

Applied for VA position through locums CompHealth (has contract to provide nurse practitioners to VA), who referred candidate thru Wapiti without disclosure initially of who position was through (who also has their own contract with govt) who referred candidate to CRAssociates (who also has contract with govt) to the VA of North Texas.  Besides the obvious issue of price fixing between these 3 companies, I have also had multiple points of contact, I would assume to limit liability for the discrimination experienced.

Received paperwork from Sandra Nickerson:
Sandra F. Nickerson
Health Systems Specialist
Chief of Staff (11G)
VA North Texas Health Care System
4500 South Lancaster Road
Dallas, TX 75216
Ph:  214-857-0503
Fax: 214-857-0506
Sandra.Nickerson@va.gov
who stated to complete online VetPro application, and then followed up by phone requesting 2 documents to be signed and faxed back to the fax number given.  Sandra Nickerson also agreed that the physical exam and scope of practice agreement could not be completed, nor was required prior to a position being offered.

Was informed (by CRAssoc) my application for this position could not be completed by the VA until some doctor signed a generic, non job specific form, regarding my physical/mental qualifications for the position, with no description of what the position might entail. The position was to work as a health care provider in Bridgeport TX CBOC (community based outpatient clinic) examining clients, titrating medications etc. This was not a hospital position. Physical form was sent by Sandra Nickerson of the VA. Sandra stated the two documents in question would be required once I was offered a position. Was subsequently informed by Lynn Stockebrand, MA, Vice President, Quality Management of CRAssoc, I could  not be considered a candidate until a physical exam, at my expense, was completed. Informed Lynn and Colleen Martinez, also of CRAssociates that requesting the completion of a physical exam, prior to a job offer was against the law, and if such were required, the specific physical needs of the job need to be on the form, instead of just a blank document with no physical requirements whatsoever. Lynn Stockebrand informed me that failure to complete the physical and the collaborative scope of practice agreement below, would result in their withdrawing my application for said position.

She also requested I sign my name to a collaborative scope of practice contract (originally sent by the VA) and return such, even though the third page would be left blank, basically implicating that I needed to sign a contract that was blank for someone else to fill in however they deemed to do such before being considered a viable candidate.  Also shared with Lynn Stockebrand that requiring a candidate sign a blank contract for consideration for the position was not a legally wise action. Again, Lynn asserted failure to sign the blank contract would result in their withdrawing my application for said position.

In addition:
Presume, position my resume was submitted to late last year (November 2012), for the VA area surrounding Minneapolis by CompHealth was subverted by CRAssociates who charges the highest rate for Nurse Practitioner candidates, precluding the smaller firms from direct placement, coercing them to use their firm as a point of supply, increasing the cost to the federal government of the supply of Nurse Practitioner candidates. I was assured by CompHealth that I had the position, no credentialing was completed though. CompHealth as an agency, placed me internally as a candidate not to be considered for other CompHealth positions, as I was considered already placed to one of the Minneapolis VA positions. I was never interviewed by phone for any of these Minneapolis VA positions. No VetPro application was completed for the Minneapolis positions.

(Type as much information as required into the block above)

3

If you have sought assistance in resolving this complaint from another source (another agency, a lawyer, internal grievance procedure, etc.) please indicate here and the name of the source, the date you sought assistance, and result, if any:

Name                                                    Date

Result:

**FRIEND OR RELATIVE:**
Please notify OFCCP if you change your address or phone number.  You may indicate a person who would know how to reach you if OFCCP is unable to reach you at your own address or phone.

Name     Michaella McBratnie

Line #1   1130 Larkmoor                          City   Berkle

Line #2                                          State   MI     Zip   48072

Relationship

Telephone   248-631-9545

| FILED ELSEWHERE? | ARE YOU REPRESENTED? |
|---|---|
| If you have filed this complaint or a similar one elsewhere, please tell us: | If you are represented by an attorney or other person or organization, please tell us: |

| FILED ELSEWHERE | ARE YOU REPRESENTED |
|---|---|
| Name | Name |
| Line #1    City | Line #1    City |
| Line #2    State    Zip | Line #2    State    Zip |
| Contact | Contact |
| Telephone | Telephone |

**SIGNATURE AND VERIFICATION**
I declare under penalty of perjury that the information given above is true and correct to the best of my knowledge or belief.  (A willful false statement is punishable by law: 18 U.S.C. 1001.) I hereby authorize the release of any medical information needed for the investigation.

_____        4/3/2014
Signature of Complainant                       Date

**Public Burden Statement**
We estimate that it will take an average of 1.28 hours to complete this complaint form, including time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information.  If you have any comments regarding these estimates or any other aspect of this complaint form, including suggestions for reducing this burden, send them to the Office of Federal Contract Compliance Programs Policy Division (1250-0002) 200 Constitution Avenue, N.W., Room C-3325, Washington, D.C. 20210.
**DO NOT SEND THE COMPLETED FORM TO THIS OFFICE**

**Do not write below this line**

The complainant has verified this complaint in my presence.  This complaint is now the basis of an investigation under Executive Order 11246, as amended; Section 503 of the Rehabilitation Act of 1973, as amended; and/or the Vietnam Era Veterans' Readjustment Assistance Act of 1974, as amended (38 U.S.C. 4212).

_____     _____     _____     _____
Name of Investigator    Title               Signature of Investigator    Date

4



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Carol McBratnie, a/k/a
Beth G.,[1]
Complainant,

v.

Robert Wilkie,
Secretary,
Department of Veterans Affairs,
Agency.

Appeal No. 2019003577

Hearing No. 450-2017-00108X

Agency No. 2003-0549-2014103146

## DECISION

Complainant filed a timely appeal, pursuant to C.F.R. § 1614.403, from the February 21, 2019 decision of the Equal Employment Opportunity Commission (Commission or EEOC) Administrative Judge (AJ) concerning an equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq.[2]

## BACKGROUND

During the relevant period, Complainant applied for a Nurse Practitioner position with CR Associates, Inc. ("CRA"), a staffing firm which contracted with the Agency to provide health care resources at the VA North Texas Veterans Healthcare System, Community-Based Outpatient Clinic (CBOC) in Bridgeport, Texas.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

[2] As the Agency did not issue a final order within 40 days of receipt of the AJ's decision, the decision of the AJ became the final action of the Agency.  29 § C.F.R. 1614.109(i).

2                                                          2019003577

On June 16, 2014, Complainant filed a formal complaint alleging that the Agency discriminated against her based on disability[3] when, on March 26, 2014, she was notified that her credentialing process was ceased and her Nurse Practitioner application was revoked.[4]

After its investigation into the formal complaint, the Agency provided Complainant with a copy of the report of investigation and notice of right to request a hearing before an Equal Employment Opportunity Commission (EEOC or Commission) Administrative Judge (AJ). Complainant timely requested a hearing. Both parties submitted motions for summary judgment to the AJ. The AJ subsequently issued a decision by summary judgment in favor of the Agency and denied Complainant's motion.

As already noted, the Agency did not issue a final order, and the AJ's decision became the final decision in this matter. It is from this decision that Complainant appeals.

<u>ANALYSIS AND FINDINGS</u>

The Commission's regulations allow an AJ to grant summary judgment when he or she finds that there is no genuine issue of material fact. 29 C.F.R. § 1614.109(g). An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. <u>Celotex v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Oliver v. Digital Equip. Corp.</u>, 846 F.2d 103, 105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of the case. In rendering this appellate decision we must scrutinize the AJ's legal and factual conclusions, and the Agency's final order adopting them, *de novo*. <u>See</u> 29 C.F.R. § 1614.405(a)(stating that a "decision on an appeal from an Agency's final action shall be based on a *de novo* review…"); <u>see also</u> <u>Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614</u> (EEO-MD-110), at Chap. 9, § VI.B. (as revised, August 5, 2015)(providing that an administrative judge's determination to issue a decision without a hearing, and the decision itself, will both be reviewed *de novo*).

_____

[3] Complainant identified her disabilities as osteoarthritis, thoracic outlet syndrome arterial, shoulder impingement syndrome, SI joint instability, lymphedema, cervicogenic headaches, and chronic pain. For purposes of this analysis, we assume, without so finding, that Complainant was an individual with a disability.

[4] On August 13, 2014, the Agency issued a final decision dismissing the instant formal complaint for failure to state a claim, finding that Complainant was an independent contractor. On appeal, the Commission reversed the Agency's dismissal and remanded the matter to the Agency for further processing. <u>Complainant v. Department of Veterans Affairs</u>, EEOC Appeal No. 0120143174 (May 6, 2016). Following the Commission's decision, the Agency processed the remanded claims in accordance with 29 C.F.R. § 1614.108 et seq., which is now the subject of the instant appeal.

3                                              2019003577

To successfully oppose a decision by summary judgment, a complainant must identify, with specificity, facts in dispute either within the record or by producing further supporting evidence, and must further establish that such facts are material under applicable law. Such a dispute would indicate that a hearing is necessary to produce evidence to support a finding that the agency was motivated by discriminatory animus. Here, however, Complainant has failed to establish such a dispute. Even construing any inferences raised by the undisputed facts in favor of Complainant, a reasonable fact-finder could not find in her favor.

The AJ found that Complainant was referred for a "locum"[5] Nurse Practitioner assignment to staff the Agency's Bridgeport CBOC.  Officials from CRA, the staffing firm, said Complainant was referred to CRA from a third-party locum company. They interviewed Complainant and collected information from her and sent it to the Agency to start the credentialing process.   The CRA officials who interviewed and referred Complainant to staff the Agency denied any knowledge of Complainant's disabilities.

The referral was received by the Agency's Program Manager for the Clinic and Health System Credentialing Specialist (Specialist), who also testified they were not aware that Complainant had a disability.

On February 28, 2014, Complainant was sent an email notification from the Specialist that the Agency had received a request to credential her.  Specifically, the Specialist informed Complainant of the need to complete the VetPro file and return all the required documents no later than March 7, 2014, in order to process her credentials.

The required documents for the credentialing process included, but were not limited to, a scope of practice, case specific liability claims information, credentialing release of information authorization form, declaration of health, a copy of all licenses and certifications, a copy of a current U.S. photo identification card, a copy of current Drug Enforcement Administration (DEA) certificate, a copy of current Texas Controlled Substance (DPS) certificate, a copy of current clinical privileges held at other institutions; a copy of Advanced Cardiac Life Support certificate, a copy of Basic Life Support (BLS) certificate, and proof of any liability insurance.
VetPro is an internet-based data bank for credentialing VHA health care practitioners that facilitates completion of a uniform, accurate, and complete credentials file.

On March 3, 2014, Complainant submitted some of her required VetPro information.  However, Complainant did not submit all the required documentation for her credentials to be processed. Specifically, she did not submit the declaration of health form and the scope of practice form.

On or about March 26, 2014, Complainant's credentialing process was ceased for failure to provide all the required documentation for processing.

---

[5] "Locum" positions are usually temporary and can be as short as one day in duration or up to one year.

4                                      2019003577

Based on this evidence, the AJ concluded that Complainant failed to show that there was any intent on behalf of the Agency to cease processing her credentialing due to her disabilities because no one had any knowledge of a disability.

The AJ determined that Agency management articulated legitimate, non-discriminatory reason for ceasing Complainant's credentialing process. Specifically, the AJ stated that for a Nurse Practitioner, part of the application process is to be credentialed and provided clinical privileges to treat the veteran patients. She noted that credentialing refers to the systematic process of screening and evaluating qualifications and other credentials, including, but not limited to the following: licensure, required education, relevant training and experience, and current competence and health status.

The AJ further noted that all applicants requesting VA credentialing and privileges are required to submit all of the required documentation as stated above. The AJ stated that if any applicant refuses to provide the required documentation, the credentialing and privileging process ceased as incomplete. Finally, the AJ determined "it is undisputed that Complainant failed to submit two of the requested documents, a scope of practice form and a declaration of health form. As a result of this failure, the credentialing process was ceased from further processing and her application was revoked."

Upon careful review of the AJ's decision and the evidence of record, as well as the parties' arguments on appeal, we conclude that the AJ correctly determined that the preponderance of the evidence did not establish that Complainant was discriminated against by the Agency as alleged.

CONCLUSION

Accordingly, we AFFIRM the AJ's decision without a hearing finding no discrimination, in the absence of the issuance of a final order by the Agency.

STATEMENT OF RIGHTS - ON APPEAL

RECONSIDERATION (M0617)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision.

A party shall have **twenty (20) calendar days** of receipt of another party's timely request for reconsideration in which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission. Complainant's request may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The agency's request must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests.

6                                                    2019003577

Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations


August 4, 2020
Date